UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-211-GWU

LARRY TURNER, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Larry Turner brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

        in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  <u>Id</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Turner, a 45-year-old former laborer with a high school education, suffered from impairments related to arthritis, diabetes mellitus, and diverticulitis.  (Tr. 11, 15).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform the full range of light level work. (Tr. 13-14).   Based upon application of Rule 202.20 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled.  (Tr. 15).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Turner could perform the full range of light level work, the ALJ relied heavily upon the opinion of Dr. Mark Burns, an examining consultant. (Tr. 14).  Dr. Burns reported that the plaintiff's physical examination was within normal limits and found no limitations on orthopedic examination.  (Tr. 488).  The physician opined that the claimant would have no restriction with regard to sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling.  (Id.).  The ALJ's findings were consistent with this opinion.

Turner sought treatment for his physical complaints at the Mountain Comprehensive Care Corporation and the Buckhorn Clinic.[1]  Diagnoses of diabetes mellitus, chronic back pain and hypertension were repeatedly noted.  (Tr. 524-526, 528-534, 542-548, 551, 553, 555, 656-659, 661).  However, no treating physician at the clinic imposed more severe physical limitations than those found by the ALJ. (Tr. 522-587).  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).   Dr. Salem Hanna reported in September of 2008 that the plaintiff's

---

[1]The Buckhorn Clinic appears to be part of the Mountain Comprehensive Corporation.  (Tr. 41, 522).

neurological examination was within normal limits. (Tr. 542). Thus, the ALJ's findings were compatible with the treating source.

Dr. Robert Brown reviewed the record in October of 2008 and opined that Turner would be restricted to medium level work with an inability to more than occasionally climb ladders, ropes or scaffolds. (Tr. 602-609). Dr. Brown's opinion does not suggest the existence of a totally disabling physical problem. While the doctor did note the existence of a non-exertional restriction concerning climbing, as a non-examiner, his opinion was offset by that of Dr. Burns because the administrative regulations provide that"generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). Therefore, the opinion of Dr. Brown does not support the plaintiff's disability claim.

The ALJ found that Turner did not suffer from a "severe" mental impairment. (Tr. 11). Psychologist Christopher Catt and his associate Shannon Mahoney, examined the plaintiff and diagnosed cannabis abuse and a mood disorder due to cannabis abuse. (Tr. 505). His Global Assessment of Functioning (GAF) was rated at 65. (Tr. 506). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34. The examiners opined that the plaintiff would experience only "slight" impairment in

7

tolerating stress and pressures and responding appropriately to supervision, co-workers and work pressures. (Id.). These rather modest restrictions would not appear very significant and even if they were, Public Law 104-121 precludes a finding of disabled status if drug or alcohol abuse is a material factor in the disability finding. Therefore, this opinion does not suggest the existence of a "severe" mental impairment.

Turner sought treatment for his mental problems at Kentucky River Comprehensive Care in July of 2007. (Tr. 481-484). The plaintiff's treatment was terminated in February of 2008 with no mental restrictions being imposed. (Tr. 482). Thus, the report does not support the existence of a "severe" mental impairment.

Psychologists Jane Brake (Tr. 508) and Jim Jacobson (Tr. 588) each reviewed the record and opined that Turner did not suffer from a "severe" mental impairment. These reports provide additional support for the administrative decision.

Dr. P.D. Patel also examined Turner and noted depression, possible social phobia, borderline intelligence, diabetes mellitus with sensory peripheral neuropathy and gastroparesis, and hypertension. (Tr. 666). Dr. Patel identified extremely severe mental restrictions on a Mental Medical Source Statement of Ability to do Work-Related Activities Form, with his ability rated in most areas as either "fair" or "poor." (Tr. 667-669). The doctor also completed a physical assessment indicating

that the plaintiff would be limited to less than a full range of sedentary level work. (Tr. 670-672). The ALJ rejected Dr. Patel's opinion because he did not believe that it was well-supported by objective medical data. (Tr. 13-14). The claimant objects to this finding. However, the court notes that Dr. Patel was not a treating source, only an examiner. His opinion was equally-situated to those of Dr. Burns and Catt who were also examining sources. As a fact-finder, the ALJ could reasonably rely upon the opinions of Dr. Burns and Catt and reject that of Dr. Patel. Therefore, the undersigned finds no error.

Turner argues that the ALJ erred by failing to give sufficient reasons for finding that his hearing testimony was not credible. However, the ALJ noted a number of reasons for this finding. With regard to his back pain complaints, the ALJ noted that an April, 2005 lumbar spine x-ray revealed only narrowing at the L5-S1 disc space with no spondylolisthesis or spondylolysis. (Tr. 13, 414). A May, 2008 left hip x-ray was normal with no arthritic changes. (Tr. 13, 492). The ALJ noted Dr. Burns's finding of normal straight leg raising in the sitting and supine positions, full strength in all extremities, and no evidence of reflex abnormalities. (Tr. 13, 487-488). The ALJ reported that even Dr. Patel had found gait and station to be unremarkable. (Tr. 14, 665). While the ALJ noted that the plaintiff's allegations of uncontrolled diabetes mellitus with neuropathy was partially confirmed by the medical evidence of record, the claimant had also not been fully compliant with his

medication, diet and medical regimen. (Tr. 14, 542, 544, 547, 551, 553). With regard to diverticulitis, the ALJ noted that Turner reported not currently being treated for the condition. (Tr. 14, 35-36). The ALJ also indicated that the plaintiff's testimony concerning debilitating pain was not consistent with his daily activities of performing housework, mowing the lawn, shopping or visiting. (Tr. 14, 39). Therefore, the court must reject the claimant's argument.

The undersigned concludes the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 28th day of April, 2011.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**